# Harry Griswold v. The Union School District of Bay City.

*Charter of Bay City: Valuation of property for taxation: Board of review: Extending warrant.* The power conferred by the charter of Bay City, as amended in 1869 (*No. 307*, § *42*), upon the board of review to examine the assessment roll and review a valuation of property thereon, can only be exercised on the application of a party concerned; and when, upon such application, they have, by a resolution entered on their records, reduced a valuation, such resolution is of the nature of a judicial determination which must stand as final until changed upon a rehearing after reasonable notice.

GRISWOLD *v.* UNION SCHOOL DISTRICT OF BAY CITY.

The board of review are not required to base their conclusions upon sworn testimony only; they may act upon their own personal examination, or upon any evidence satisfactory to them.

A resolution by the common council to extend a warrant for the collection of taxes is a valid execution of the power conferred by the amendment to the charter (§ 43). No formal notification to the officer to whom the warrant is directed is necessary to a valid extension of it.

*Heard January 4. Decided January 9.*

Error to Bay Circuit.

*D. W. Perkins,* for plantiff in error.

*McDonell & Cobb,* for defendant in error.

COOLEY, J.

This is an action to recover back taxes alleged to have been illegally collected of the plaintiff by distress and sale of his goods and chattels. The illegalities alleged are two: *First,* that the tax was levied upon an excessive valuation; and *second,* that it was collected by levy and sale after the tax warrant had expired, and without any legal renewal or extension of the process.

The facts upon which the first point is raised are the following: The plaintiff was assessed for the year 1869 as the owner of two parcels of land, one of which was valued upon the assessment roll at seven thousand dollars and the other at five thousand. The charter of the city as amended in 1869 (*Sess. L. 1869, Vol. 2, p. 561*) provides for a board of review, consisting of the controller, the supervisors and the city attorney, who meet at a time and place to be prescribed by the common council, and "continue in session at least three days successively, and as much longer as may be necessary, at least six hours in each day during said three days;" and the charter declares that "any person desiring so to do may examine his or her assessment on said roll, and may show cause, if any, why the valuation thereof should be changed; and the said board shall decide the

same, and their decision shall be final; and the said board shall keep a record of their proceedings and all changes made by them on said roll, and their record shall be deposited with the recorder."—*Ibid.*, § *42*.

The plaintiff, it appears, when a time had been fixed for the meeting of this board, appeared in person at the forenoon session thereof on July 7, 1869, and claimed that the valuation of his lands was too high, and stated his reasons why the same should be reduced. The board thereupon passed a resolution reducing the valuation of one parcel to six thousand two hundred dollars, and that of the other to four thousand five hundred dollars; which resolution was duly entered of record. In the afternoon of the same day, however, before proceeding to other business, in the absence of the plaintiff and without his knowledge, another resolution was passed, rescinding the first, and declaring that the original valuation was not too high. The tax was subsequently levied upon the land on the basis of that valuation.

The plaintiff insists that when the board had once heard and passed upon his application for a reduction of the valuation, their power over the subject was exhausted, and they had no jurisdiction afterwards to reconsider and reverse their action. It is insisted for the defendant, on the other hand, that the whole subject is under the control of the board for the whole of the three days during which they remain in session; that it is their final determination only that is conclusive, and that all claims for reduction must be considered as open for consideration, and parties interested bound to take notice of their action thereon, until the time of their final adjournment. And it is further insisted that the first action of the board was erroneous, because not based on sworn evidence.

We are of opinion that the public authorities erred in

this case.   Their right to review a valuation of property
only arises when an application is made for that purpose
by the party concerned ; and although they sit as a board
for three days or more, yet each particular case is heard by
itself, and when once disposed of, the party concerned, who
is the moving party therein, is no longer under obligation
to watch their proceedings.   The public notice which he has
under the law to appear and be heard, if he desires to do
so, has then, so far as he is concerned, spent its force, and
there is no more occasion for his remaining in attendance
upon the board afterwards lest the action taken should be
rescinded, than there is for a suitor in court who has
obtained a judgment, remaining constantly with the court
so long as it remains in session, lest at some time the judg-
ment should be vacated in his absence and without his
knowledge.   We do not say that it would not be competent
for the board, if they should subsequently become satisfied
that their action was erroneous, to reconsider it after due
notice to the party, and an opportunity given him to be
heard ; but we are clearly of opinion that the first resolu-
tion is in the nature of a judicial determination, which
must stand as final unless changed on a rehearing after
reasonable notice.   We also think sworn evidence was not
essential unless called for by the board.   That body could
act upon personal examination, or any evidence which to
them was satisfactory.

As the circuit court reached a conclusion the opposite
of this, it follows that the judgment must be reversed.

We do not think there is any force to the objection taken
to the extension of the tax warrant.   It was extended by the
common council, which under the charter had full author-
ity.   Their action is objected to because there was no
renewal indorsed upon the warrant, and no formal written
notification of any kind given to the treasurer, of the

24 MICH.—34.

renewal. But it appears that the action of the council was taken on the application of the treasurer himself; and we think, therefore, that no formal notification to him was needful to his authority.

The judgment is reversed with costs, and a new trial ordered.

The other Justices concurred.