PACIFIC R. R. Co., Appellant, *vs.* THE COUNTY CLERK OF ·FRANKLIN Co., Respondent.

1. *Revenue—County Board of equalization—Railroad assessments—Entries on assessment book by deputy county clerk of previous years—Assessment.*—An entry correcting the books of the county assessor, is not objectionable merely by reason of the fact that the entry, instead of being made by the county clerk, was made by his deputy, nor by reason of the fact that the order of the County Board of Equalization, directing the assessment to be placed on the assessor's books, was entered on the journal of its proceedings, after the adjournment and dissolution of the Board, nor by reason of the fact that the assessment, having been omitted by mistake, was entered the year subsequent without notice of the time of the entry.

*Appeal from Franklin Circuit Court.*

*Baker & Litton,* for Appellant.

I. The court committed error in allowing the entry made by Miller in the record of the proceedings of the county Board of Equalization, after the institution of this suit, and more than eight months after that board had adjourned *sine die,* and the record of their proceedings had been written out and signed as the true record of all their proceedings. The clerk had no authority to make the entry. The law does not allow taxes to be increased $738,000 by the mere verbal statement of an irresponsible clerk.

II. The powers and authority of the Board are defined in the statute, (2 Wagn. Stat., 1163, §§ 16, 19). They have no authority to assess property or to do anything except change the amount of assessments that have already been made, and any other action is a nullity. (Pac. R. R. Co. vs. Cass Co., 53 Mo., 17.)

In this as in the Cass county case, no notice either by advertisement or otherwise was ever given the relator. This alone makes the action of the board a nullity.

Even if the Board had had authority to make assessments of property, which the assessor for any year had failed to assess, they could not assess the property for the year 1870, because it had been duly assessed by the assessor for that year. (See Wagn. Stat., 1173, § 40.)

Even if the county Board had made the order, their secretary had no authority to make the entry on the assessor's book. Such change must be made by the assessor himself. (Wagn. Stat., 1163, § 19.)

The assessor cannot make entries in his books after he returns them. (Wagn. Stat., 1173, §§ 40, 42.)

*Seay & Kiskaddon*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This was an application to the Circuit Court for a mandamus ordering the clerk of the County Court of Franklin county to erase from the assessment books of the county assessor, made for the levying of taxes for the year 1871, and returned by said assessor to the County Court on the 6th day of February, 1871, an alleged interpolation in said assessment books, in these words: "The Pacific R. R. Co. assessed for 1873—$738,000."

It is not necessary to an understanding of the case that the pleadings should be recited. The facts are sufficiently developed in the testimony of C. H. Miller, who was a deputy of the county clerk.

It seems that the board of equalization for Franklin county, composed of the presiding justice of the County Court, the county assessor and county surveyor, and the clerk, met in April 1871, and that Miller acted as their clerk. It was his business to keep a record of these proceedings. The board had ordered him to put in the assessment book of 1871, the assessment of 1870, on the Pacific Railroad, which had been omitted to be collected, and had not in fact been given to the collector.

Mr. Miller made the entry in the assessment book as directed, but omitted to keep a record of the order authorizing him so to do; but upon the suggestion of A. J. Scavy, the county attorney, who advised him that it was his duty to make out a true copy of the proceedings of the board, he, some months after the adjournment of the board made the following entry—"It appearing to the satisfaction of the board of equalization, that the Pacific R. R. Co. of Missouri was law-

fully and regularly assessed by the assessor of Franklin county for the year 1870, and valued in the aggregate sum of $738,000, and by him duly certified to the clerk of the County Court of said county of Franklin, for the year 1870, and it further appearing to the satisfaction of said board that the said clerk omitted to certify the same to the collector for that year (1870), by reason of misapprehension of the law defining his duties in the premises, and that the taxes for the year 1870 have not been paid—it is therefore ordered and considered by the board that the clerk of the County Court adjust the tax books by placing upon the assessor's books for 1871, and certifying to the collector of Franklin county on the tax book for 1871, the said assessment so omitted for the year 1870."

This was objected to on the ground that Miller, the deputy, could not act as clerk of the board, whilst the law required the county clerk to act in this capacity, and because the entry of the order was made some months after the adjournment and dissolution of that board.

The court refused the peremptory mandamus.

It is scarcely necessary to observe that these objections, and others of a similar character, are purely technical. It is perfectly manifest that the intent of the legislatures in their revenue laws has been to require the payment of the taxes in each year, and to require assessors and collectors to assess and collect taxes which have been omitted by accident or mistake to be collected in preceding years. The board of equalization is authorized to correct and adjust the tax books.

It is objected that the petitioner had no notice of the action of the board, and that the petitioner was as much entitled to notice, where an assessment was made *de novo*, as where an assessment by the assessor was raised. The petitioner was fully aware that no taxes had been paid in 1870; for if paid, the receipt for the same would have settled the controversy. The position that the board had no power to correct the omissions of the clerk in certifying the assessment for 1871 is untenable.

15—VOL. LVII.

The fact that the tax assessed for 1870 was never collected is conceded. It is also conceded, that this tax could be collected under the revenue laws in subsequent years. The objections, to the form and mode on which the assessment was placed in subsequent assessments, whatever merits they may have, can only at best, delay the collection of the tax.

These objections are mainly, that the deputy clerk could not act as clerk of the board of equalization, that the board could not correct an omission of the clerk, that the clerk of the board could not make up records of the board adjourned, and that the oral order of the board amounted to nothing, unless recorded at the time.

No one of these objections apply to the merits of the case. The real question is, whether this road was assessed in 1870, and whether that assessment was collected—and it is conceded that it was not. It was assessed, but by accident or inadvertence the assessment was not reported to the collector, and by reason of this omission the road escaped taxation. But private citizens have to pay taxes for years in which their assessments are neglected to be collected, and the same rule applies to corporations.

The judgment of the Circuit court is therefore affirmed; the other judges concur.