JOHN V. PHILLIPS v. THE TOWNSHIP OF NEW BUFFALO.

*Taxes—Payment under protest—Board of review—Excess of jurisdiction.*

1. When a board of review has once acted, and reduced an assessment, its action becomes final, and cannot be changed, if at all, without giving the party at whose instance it is done the benefit of a further hearing. The new increase is an excess of jurisdiction, and no valid action can rest on it against the party so injured. *Griswold v. Union School District,* 24 Mich. 265.

2. The action of the board in such a case is not required to be proven intentionally fraudulent, in order to authorize resistance to taxation founded on it.

Error to Berrien. (Smith, J.) Argued January 25, 1887. Decided February 3, 1887.

Assumpsit to recover taxes paid under protest. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Clapp & Bridgman,* for appellant.

*Van Riper & Worthington,* for defendant.

CAMPBELL, C. J.   Phillips sued to recover back from defendant his taxes on real estate for the year 1884, which he paid after his personal property had been seized and offered for sale under color of the tax warrant.   This payment he made under protest, which was in writing, and included a large number of reasons.

We do not feel called on to inquire whether such a payment, made under actual pressure of legal process, is to be limited by the same rules which apply to payments made when no process is out.   The facts relied on are chiefly covered by the protest as made.[1]

The principal reason given was that, when the board of review met, plaintiff appeared, and showed cause for a reduction of his valuation, and such a reduction was actually made.   Afterwards, in his absence, the board restored the old valuation, giving him no further notice.

It was held in *Griswold v. Union School District*, 24 Mich. 265, that when a board of review has once acted, and reduced an assessment, its action becomes final, and cannot be changed, if at all, without giving the party at whose instance it is done the benefit of a further hearing.   The new increase is an excess of jurisdiction, and no valid action can rest on it against the party so injured.

We do not think this action is required to be proven intentionally fraudulent, in order to authorize resistance to taxation founded on it.   When there has been an erroneous estimate of values, and no more, there may be reason for holding that there should be no redress without some such abuse of discretion as would be unconscionable.   But we cannot suppose the Legislature ever meant to go so far beyond their constitutional power as to leave tax-payers at the uncontrolled mercy of a board of review to make or unmake assessments

---

[1] See *Peninsula Iron Co. v. Crystal Falls*, 60 Mich. 79, 80; S. C. Id. 512 (head-note 7); *White v. Millbrook*, Id. 532 (head-note 2); *Babcock v. Township of Beaver Creek*, 64 Id. —.

at its pleasure.    The right to be heard on the valuation, would be nugatory if the board, after giving a party the redress he is entitled to, and leaving him satisfied with their conclusion, could then turn round and undo their judgment, placing him where he was before they heard his complaint.. This is a plain excess of jurisdiction, which is as fatal in taxation as anywhere else, and if not so held would leave taxation unchecked and arbitrary.    No power exists to so make it.

As we understand this to be a chief defense to the tax, and as it is a complete defense, we do not feel called on to discuss the other questions, some of which were placed by the rulings where it is difficult to define them.    The court below practically shut out the whole case of plaintiff.    We do not care to determine these questions unless presented more definitely.

The judgment must be reversed, and a new trial granted..

CHAMPLIN and MORSE, JJ., concurred.    SHERWOOD, J., did not sit.