State ex rel. v. Springer.

THE STATE *ex rel.* HARRISON COUNTY BANK, *Appellant,*
v. SPRINGER *et al.*

### Division One, May 5, 1896.

1. **Supreme Court:** JURISDICTION: CERTIORARI: CONSTITUTION. The supreme court has original jurisdiction in *certiorari;* but its appellate jurisdiction in cases of that kind extends only to those wherein the real dispute falls within one of the classes of causes over which the court is given jurisdiction by the constitution (art. 6, sec. 12).

2. ————: ————: ————: ————. A proceeding to obtain a *certiorari* to quash a tax assessment of personal property by a county board of equalization which involves "the construction of the revenue laws of this state," is within the jurisdiction of the supreme court.

3. **Certiorari:** PRACTICE: ANNULMENT OF TAX ASSESSMENT. *Certiorari* calls for an exhibit of the record of the body whose action is called in question. It is a proper remedy to annul an increased tax assessment if made without jurisdiction.

4. ————: ————: AMENDED RETURN. Where a return in *certiorari* is incomplete, leave may properly be given to file an amended return.

5. ————: ————. In the absence of a statute regulating *certiorari*, the courts have power to mold the procedure upon that writ according to "the principles and usages of law," under the common law system, so far as consistent with the existing statutory law.

6. ————: ACTION OF PUBLIC BODY. The validity of action by a public body is generally to be determined on *certiorari* by its record alone.

7. **Taxation:** COUNTY BOARD OF EQUALIZATION: MEETING: NOTICE: CONSTITUTION. Where a statute appoints a time and place for the meeting of a county board of equalization to hear objections to an increase of assessment of personal property by said board, such statutory notice is sufficient to answer the requirement of due process of law, under the federal and state constitutions.

8. ————: ————: ————: ————: VALIDITY OF ASSESSMENT. Such notice as the law requires to be given on increasing a tax assessment is essential to the validity of that proceeding.

9. ————: EXERCISE OF TAXING POWER: CONSTITUTION. The occasions and the mode of exercising the power of taxation are within the discretion of the lawmaking authority except as limited by the constitution.

State ex rel. v. Springer.

10. ———: BOARD OF EQUALIZATION: INCREASE OF ASSESSMENT: "DUE PROCESS OF LAW." Where opportunity is given for a hearing upon an increase of tax assessment, ordered by a board of equalization, it is sufficient to constitute "due process of law" if the hearing is allowed after the order, and before it becomes a finality.

11. ———: ———: SUFFICIENCY OF RECORD. Where a taxing board is authorized to act according to their opinion of the matter, it is not necessary to the validity of their action that their record should show that the board heard evidence on the subject.

12. ———: BANK: ASSESSMENT: ESTOPPEL: CERTIORARI. Where a bank returns as its own certain property for assessment for taxation it can not on *certiorari* successfully insist that that property should have been assessed as the property of its stockholders and not of the bank.

*Appeal from Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*D. J. Heaston* and *A. F. Woodruff* for appellant.

(1) The answer filed by defendants in the way of pleading should have been stricken out. The writ of *certiorari* brings up for review nothing but the record proper of the proceedings of the lower tribunal. This writ does not bring up the evidence, if any were given, neither is it proper to file answer by way of pleading to explain, excuse, or defend the action of the board. The record proper alone is to be considered, and it can not be aided or supplemented by pleading or extrinsic evidence. *Railroad v. State Board*, 64 Mo. 294; *State ex rel. v. Dowling*, 50 Mo. 134; *State ex rel. v. Board*, 108 Mo. 235; *State ex rel. v. Smith*, 101 Mo. 174; *State ex rel. v. Powers*, 68 Mo. 320; *State ex rel. v. City of Kansas*, 89 Mo. 34; *State ex rel. v. Mayor*, 57 Mo. App. 192; *State ex rel. v. St. Louis Co.*, 47 Mo. 594; *State ex rel. v. Cauthorn*, 40 Mo. App. 94; *House v. Clinton Co.*, 67 Mo. 522; *Maupin v. Franklin Co.*, 67 Mo. 327; *Moberly v. Nave*, 67 Mo. 546; *City of Kansas v. Railroad,*

81 Mo. 285; *Johnson Co. v. Wood*, 84 Mo. 489; *Reppy v. Jefferson Co.*, 47 Mo. 66; *Hansberger v. Railroad*, 43 Mo. 196; *State ex rel. v. Moniteau Co.*, 45 Mo. App. 387; 2 McQuillin, Plead. and Practice, secs. 1347 to 1355; 2 Desty on Taxation, pp. 631, 632, 633. (2) The newspaper clipping purporting to be notice of increase of assessments was no part of the record of the board, was never filed, was not sworn to by the printer, and should have been stricken out and not considered by the court. *State ex rel. v. St. Louis*, 67 Mo. 113; *Ellis v. Railroad*, 51 Mo. 200; *Railroad v. State Board*, 64 Mo. 294; *Boonville v. Ormrod*, 26 Mo. 193; *Dickey v. Tennison*, 27 Mo. 373; *Corrigan v. Morris*, 43 Mo. App. 456; *Fisher v. Davis*, 27 Mo. App. 321. (3) This board is a kind of *quasi* court of inferior and very limited jurisdiction, presumptions in its favor will not be indulged, especially matters of jurisdiction, and the record itself should show affirmatively all things necessary to give jurisdiction. *State v. Metzger*, 26 Mo. 65 and 601; *Bersch v. Schneider*, 27 Mo. 101; *Backenstoe v. Railroad*, 86 Mo. 492; *Cunningham v. Railroad*, 61 Mo. 33; *In re Petition Gardner*, 41 Mo. App. 589; *France v. Evans*, 90 Mo. 74; *Railroad v. Young*, 96 Mo. 39. (4) The law provides that when the valuation of land is raised the board shall give notice of the fact by personal notice through the mail or by advertisement in any paper published in the county. The law makes no provision for notice when assessment of personal property is increased, therefore personal notice is essential. R. S. 1889, sec. 7519; Cooley on Taxation [1 Ed.], pp. 265 to 268; *Rich Hill Co. v. Neptune*, 19 Mo. App. 438; *State ex rel. v. Board*, 108 Mo. 235; *Laughlin v. Fairbanks*, 8 Mo. 367; *Brown v. Weatherby*, 71 Mo. 152; *Speck v. Wohlien*, 22 Mo. 310; *City v. Gleason*, 15 Mo. App. 25; *Avant v. Flynn*, 49 N. W. Rep. 15; *Railroad v. Washington Co.*, 3 Neb. 30; *Butler v. Supervisors*, 26 Mich. 22; *Darling*

*v. Gunn*, 50 Ill. 424; *Stewart v. Palmer*, 74 N. Y. 183; Myers, Vested Rights, 221. (5) What constitutes the record is an important inquiry. The only record proper brought up by the writ in this case is the original assessment list and the entries of record made by order of the board. The certificate of the clerk is no part of the record, neither could he make an advertisement or publication a part of the record by referring to it and attaching it to the record. *Railroad v. Young*, 96 Mo. 39; *Jefferson Co. v. Cowen*, 54 Mo. 234; *Whitely v. Platte County*, 73 Mo. 30; *Zimmerman v. Snowden*, 88 Mo. 218; *Werz v. Werz*, 11 Mo. App. 26. (6) The relator being a bank duly incorporated under the law, the assessment should have been made against the stockholders and not against the bank, as it was done, the board therefore had no legal right to increase the assessment, as the assessment was illegal and the board can not make an original assessment. R. S. 1889, sec. 7538; Laws, 1891, p. 195; *State ex rel. v. Catron*, 118 Mo. 280; *Bank v. Meredith*, 44 Mo. 500; *Springfield v. Bank*, 87 Mo. 441; *Lionberger v. Rowse*, 43 Mo. 67; *Railroad v. Cass Co.*, 53 Mo. 17; *Relfe v. Ins. Co.*, 11 Mo. App. 374. (7) The act approved April 1, 1891, Laws of 1891, at page 195, is void, being in conflict with sections 3 and 4, article 10, of the constitution, which provide that taxes must be uniform, and that all property shall be taxed in proportion to its value, and said act does not comply with section 28, article 4, of the constitution, the object of the law is not clearly expressed in the title. *State v. Burgdoerfer*, 107 Mo. 1; *State v. Dinnisse*, 109 Mo. 434; *City of Kansas v. Payne*, 71 Mo. 159; *People v. Weaver*, 10 Otto, 539; *Pelton v. Bank*, 11 Otto, 143; *Cumming v. Bank*, 11 Otto, 153. (8) The record shows that at the meeting of the board · of appeals, the second meeting, there was no order made approving or affirming the first or proposed in-

crease of assessment, and therefore the county clerk had no legal right or authority to carry the increased assessment upon the tax book and extend taxes on the same. R. S. 1889, sec. 7519; *Avant v. Flynn*, 49 N. W. Rep. 15.

*S. C. Price* for respondents.

(1)   An answer, or statement, accompanying the certified transcript of a record is permissible and proper as a part of a return to a writ of *certiorari*, although the reviewing court will not hear evidence extrinsic of the record in support of any fact alleged in such answer or in the petition for the writ.   *Railroad v. State Board*, 64 Mo. 294; *State ex rel. v. Board*, 108 Mo. 235; *State ex rel. v. Powers*, 68 Mo. 320; 2 Desty on Taxation, p. 633.   (2)   As to notice when the valuation of personal property is increased, the statute is silent; and, while under the decisions of our courts, the necessity of notice will be presumed, yet other or different notice will not be required in the case of personal property, than that provided by the statute in the case of real estate.   R. S. 1889, sec. 7519; *Rich Hill Co. v. Neptune*, 19 Mo. App. 438; *State ex rel. v. Board*, 108 Mo. *loc. cit.* 242.   (3)   It is not necessary that the board of equalization should give notice before the valuation of property is raised; but after that is done, notice of the fact is required.   And where such notice is required the fact that it has been given may be shown outside of the ecord.   R. S. 1889, sec. 7519; *State v. Searcy*, 46 Mo. App. 422; *State v. Searcy*, 111 Mo. 236; *Black v. McGonigle*, 103 Mo. *loc. cit.* 201.   (4)   The law requires that the county board of equalization shall meet on the first Monday in April, at which meeting valuations shall be raised when proper.   The board is afterward to meet on the fourth Monday in April "to hear reason, if any may be given, why such increase should not be made."   At such second meeting they meet as a

board of appeals, and there is nothing in the law, or in reason, requiring the board to affirm, or take other action on their doings of the first meeting, unless reasons are offered why such prior actions should not stand. R. S. 1889, secs. 7517, 7518, 7519. (5) The law creating the board of equalization fixes the time for its first meeting, and provides what it shall do at that meeting. It also fixes the time of the second meeting as a board of appeals, and makes it a duty that the board give notice of its action at the first meeting in raising assessments, and of the time of its second meeting. The law presumes that public officers do their duty, and in the absence of evidence to the contrary, that such notice was given. *State ex rel. v. Bank*, 120 Mo. *loc. cit.* 169; *Lenox v. Harrison*, 88 Mo. *loc. cit.* 496; *Long v. Co.*, 68 Mo. *loc. cit.* 430. (6) Before the amendment of 1891, shares of stock in an incorporated bank were assessed to the shareholders. *Quaere*, whether under that law they are not to be assessed as an aggregate sum, with other items, to the bank. But however that may be, there is nothing in this record to show that the sum listed by the relator bank is intended to represent shares of stock. It may represent other taxable items than its capital stock. And relator can not take advantage of its own wrong doing by returning an improper list, especially after pleading in its petition for this writ, the list as returned to the assessor as a true list. Law of 1891, page 195; R. S. 1889, secs. 7563, 7541; *Railroad v. County Clerk*, 57 Mo. 223; *State ex rel. v. Powers*, 68 Mo. 320; *Bank v. Nipp*, 47 Kan. 744. (7) The act of April 1, 1891, Laws of 1891, page 195, is not open to the objections urged against its constitutionality. It is not in conflict with the provisions of the constitution referred to in relator's brief. It does not, in fact, make shares of stock in corporations taxable at their face value without reference to actual

value.   Laws of 1891, p. 195; Constitution of Missouri, secs. 3 and 4, art. 10; Constitution of Missouri, sec. 28, art. 4; R. S. 1889, sec. 7564.   (8)   If the court should hold that the fact of notice of raising the valuation of relator's property, by the board, and of the time of its meeting to hear complaints must appear by the record, then we submit that such fact is sufficiently shown by this record.   The printed notice is sufficient in form, and it is found with papers and records where it ought to be.   It is not necessary that it be sworn to by the publisher of the paper as a summons out of circuit court, or that the clerk's indorsement of filing be on the notice.   R. S. 1889, sec. 7519; *Marlet v. Hinman*, 31 Cent. Law Journal, 211, and note; *Hook v. Fenner*, 18 Colo. 283; *Olin v. Zeigler*, 46 Mo. App. 193.   (9)   The law makes no provision for preserving the evidence on which the board of equalization bases its action.   Hence the absence of evidence from the record does not raise even a presumption that action was taken by the board without evidence.   *House v. Co. Court*, 67 Mo. 522; *Railroad v. State Board*, 64 Mo. *loc. cit.* 308; *State ex rel. v. Board*, 108 Mo. *loc. cit.* 242; *State ex rel. v. Bank*, 120 Mo. *loc. cit.* 169.   (10)   The board did meet on the fourth Monday of April, 1893, as the law directs, and did hear reasons why assessments should not be increased.

BARCLAY, J.—The original case in the circuit court was begun by an application for a writ of *certiorari*, directed to the Board of Equalization of Harrison county.   The petitioner was the Harrison County Bank.   Mr. Springer and the other members of the board were named as defendants.   The circuit court granted the writ; and a return to it was made by the board.   Upon a hearing, the circuit court "quashed the writ," discharged defendants, and found for them

as to the costs. Plaintiff appealed in due course after the usual motions and exceptions.

The procedure in the circuit court need not be minutely described. Its correctness is called in question only on one point. The trial court allowed defendants to amend their return, in the progress of the cause, so as to show the record made by the board at its meeting of April 24, 1893, which had been omitted in the prior return.

Beyond that, the case is contested on its merits alone. So we shall not find it necessary to give attention to any other matters of form.

The object of the writ is to quash an assessment of personal property of the bank for the year 1893. The bank had returned its personal property for assessment at a total valuation of $14,488. The county board of equalization, however, increased the assessment to $31,000. It is that action that the bank seeks to have annulled.

The return to the writ of certiorari embraced a copy of the proceedings of the board, duly certified by its secretary, the county clerk.

Harrison county, it should be remembered, is under "township organization."

It appeared from the return that the board met, April 3, 1893 (the first Monday of that month) all the members being present; and, after being duly sworn, they proceeded to equalize the assessment of property in the county for the taxes of that year.

At the session of the board, begun as above, the following order was made, touching the assessment of the personal property of this bank, viz:

"Ordered by the board that the assessment of the Harrison County Bank be and the same is hereby raised for taxes of 1893 from $14,488 to $31,000. This is exclusive of real estate."

The following order of record was also made by the board at that session, viz:

"Ordered by the board that the secretary of this board have the action of this board in raising the values of certain real estate and personal property for taxes of 1893, published in some newspaper of Harrison county as the law directs."

The secretary of the board in his certificate to the return in certiorari further stated that "the notice hereunto attached is a true copy of the notice given by the secretary of said board of equalization, as contemplated by the above order of said board, and that said notice was published in the *Bethany Republican*, a newspaper published in Harrison county, Missouri, in its issue of April 12th, 1893."

Accompanying this certificate is the following notice:

"BOARD OF EQUALIZATION NOTICE.

"At the annual meeting of the Harrison county Board of Equalization, held at the courthouse, in the city of Bethany, on the first day of the present month, the following orders were made, raising assessed valuations of personal property, to which the attention of the public is called, that those feeling themselves aggrieved thereby may have an opportunity to appear before the Board at its next meeting, on the fourth Monday, it being the 24th day of the present month, and show cause why such increase should not take place.

   *     *     *     *     *     *     *

"Ordered by the Board that the assessment of the Harrison County Bank for taxes of 1893, be and the same is hereby raised from $14,488 to $31,000. This being exclusive of real estate."

   *     *     *     *     *     *     *

1.  This case, reaching here by appeal, is not

brought within the jurisdiction of the supreme court merely because of its nature as a proceeding in certiorari. Though the supreme court has original jurisdiction of such writs, its appellate jurisdiction over proceedings of this sort depends on the showing made in each case. If that showing indicates that the real dispute lies within one of the classes of causes over which the supreme court has revisory jurisdiction by the constitution (Art. 6, sec. 12) then the case may remain in that court for adjudication; otherwise the case belongs in one of the courts of appeals.

The appeal at bar, however, is one "involving the construction of the revenue laws of this state." As such it comes within the jurisdiction of the supreme court. Const. 1875, art. 6, sec. 12.

Cases of the same sort have been, it is true, entertained and decided in the courts of appeals; but the question of jurisdiction to decide them does not appear to have been considered, and the omission to transfer those cases to the supreme court was probably an oversight. *Rich Hill Coal Co. v. Neptune* (1885) 19 Mo. App. 438; *Taber v. Wilson* (1889) 34 Mo. App. 89.

2. Certiorari is a proper remedy to quash an increased tax assessment of personal property, where such increase of assessment has been made without jurisdiction, which is the claim advanced by the bank in this action.

3. The amendment to the return in certiorari (which the trial court permitted) was but the addition of a short extract from the proceedings of the board, on April 24 (the fourth Monday of that month), 1893. The amendment showed by the record that the county board met as a board of appeals on that day, heard an application for a reduction of assessment by another bank; and then adjourned.

We have no state statute regulating the course of proceedings on certiorari. But the writ is mentioned in the organic law of the state and is obviously intended to fill a useful place in our system of practice. It has often been recognized and utilized in Missouri. Const. 1875, art. 6, sec. 3; *State ex rel. v. Dowling* (1872) 50 Mo. 134; *St. Joseph Lead Co. v. Simms* (1892) 108 Mo. 222 (18 S. W. Rep. 906).

Our courts have undoubted authority to mold the procedure upon that writ so as to conform to "the principles and usages of law," as developed under the common law system, so far as may be consistent with the letter and intent of the existing statutory law. R. S. 1889, sec. 3243.

The writ of certiorari calls for an exhibit of the record of the body whose action is called in question. If the first return of that record in this case was incomplete, it was (at least) the privilege of the defendants to perfect the return by furnishing any authentic part of the desired record necessary to make it complete. The court permitted the amendment of the return; and we consider plaintiff's exception to that ruling groundless. 4 Ency. Pl. & Pr., 228.

4. It is next insisted that the increased assessment is void for want of notice to the plaintiff bank.

The printed notice (which the county clerk certifies was duly published) is not mentioned in the record of the board, so far as the papers before us disclose.

Plaintiff claims that any such publication can not, therefore, be considered, in determining whether the board had lawful authority to take the action it did take; but that only the actual record can be resorted to, in support of the board's action.

It is, no doubt, a general rule that the validity of any course taken by such a body is to be determined on certiorari by an inspection of its record. But

where steps preliminary to valid action are pointed out by law, and there is no provision requiring evidence thereof to be preserved (or the law is ambiguous or uncertain on that point) the question (if we view the record alone) becomes simply what is the correct presumption to indulge in view of the silence of the record in regard to those preliminary steps.

It may not be needful to go into that question should we conclude that the record of the board is sufficient to warrant its judgment, without reference to the alleged newspaper publication by the secretary of the board.

The mode of procedure for the board is outlined by section 8520, Revised Statutes, 1889, as follows:—

"The following rules shall be observed by county boards of equalization: First, they shall raise the valuation of all such tracts or parcels of land and any personal property as in their opinion have been returned below their real value, according to the rule prescribed by this article for such valuation; but after the board shall have raised the valuation of such real estate, it shall give notice of the fact, specifying the property and the amount raised, to the persons owning or controlling the same, by personal notice through the mail, or by advertisement in any paper published in the county, and that said board will meet on the fourth Monday in April, to hear reasons, if any may be given, why such increase should not be made; second, they shall reduce the valuation of such tract or parcels of land, or any personal property, which, in their opinion, has been returned above their true value as compared with the average valuation of all the real and personal property of the county." (Section · 7519, applying to counties generally, is in substance the same as section 8520.)

This section has remained substantially in its

present form since the act of March 30, 1872 (Laws, 1871–2, p. 88, sec. 16; 2 Wag. Stats. 1872, p. 1162, sec. 16). Prior to that act, there was no definite date fixed by the statute for the board to meet "to hear reasons," etc. G. S. 1865, p. 97, sec. 13. That was the condition of the law when the *Pacific Railroad* case (1873) 53 Mo. 17, arose.

The statute, as it now stands, designates a time when those who desire may appear to show cause against any increase of assessment that may have been ordered by the board.

The law provides for certain other sorts of notice to persons owning or controlling real property affected by such orders. Such notices are additional to the notice which the statute itself gives by appointing the time for an appearance to obtain a hearing.

But no such extra notice is prescribed to be given to those whose personal property has been the subject of similar orders.

We are not concerned with the reasons which the lawmakers may have had for this distinction between the two classes of property. It is enough for us to know that the statute makes the distinction, unless in making it the legislature has departed from the commands or warnings of the organic laws.

Under our scheme of government, the occasions and the mode of exercising the power of taxation are within the discretion of the lawmaking authority, except as restrained and limited by the federal and state constitutions.

Such notice as the law directs (preliminary to an increase of a tax assessment) is usually regarded as essential to the validity of the assessment. And that is all that is meant by some of the decisions that have been cited as though they held that prior personal notice of an increase of a tax assessment is a consti-

tutional requisite, whether prescribed by the statute law or not. *State v. Northern Belle, etc., Co.* (1877) 12 Nev. 89. (Compare 2 Com. Laws, Nev., 1873, p. 185, sec. 3139) *Griswold v. School District* (1872) 24 Mich. 262; *Clark v. Mulford* (1881) 43 N. J. L. 550. (Compare Rev., N. J., 1877, p. 1158, sec. 21.)

Whatever may be the law as to the last stated proposition, it is very certain that a notice to appear at a date appointed by a positive statute for the hearing of objections to a proposed tax assessment is a sufficient notice to constitute "due process of law," within the meaning of that term as used in the organic laws.

Nor is it essential to "due process" that an opportunity for a hearing should precede the order of assessment or increase of assessment. *Black v. Mc-Gonigle* (1891) 103 Mo. 192 (15 S. W. Rep. 615). A hearing allowed after, as well as before, the formal order, will meet the demands of constitutional right, if the legislature ordains that procedure.

In the case at hand the county board of equalization met on the first Monday of April, 1893, as required by section 7517. The board had power to raise the valuation of the bank's personal property. That power is conferred by sections 7518 and 7519. The board entered an order to that effect, fixing the valuation of said property of the bank at $31,000.

Under the terms of section 7519, the board had authority to make this assessment according to "their opinion" of the value of the property. It is not necessary for the record to show that the board heard evidence on the subject. *Hannibal, etc., R. R. Co. v. Board* (1876) 64 Mo. 309. If they acted on their own motion, it was competent for them to decide the matter upon their own knowledge, if they saw fit.

VOL. 134 mo—15

The board is but a part of the machinery of the government to ascertain a just and proper valuation of property for the purposes of taxation.

The action of the board in the case at bar became a matter of record (section 7520) April 13, 1893. It then was the privilege of the bank officers to appear, at the session of the board appointed for the fourth Monday of April, to show cause, if any, "why such increase should not be made," to quote the terms of the statute (section 7519). The meeting was in fact held at that appointed time; but no representative of the bank made any objection then to the assessment.

Such procedure is "due process of law." It has been distinctly so held by the federal court of last resort. *State Railroad Tax Cases* (1876) 92 U. S. 575; *Hagar v. Dist. No. 108* (1884) 111 U. S. 701. And there are many state decisions to the same general purport. *Hambleton v. Dempsey* (1851) 20 Ohio, 168; *O'Neal v. Bridge Co.* (1861) 18 Md. 1; *Porter v. Railroad* (1875) 76 Ill. 561; *State ex rel. v. Runyon* (1879) 41 N. J. L. 103; *Gillett v. Treas. Lyon Co.* (1883) 30 Kan. 166; *Spalding v. Hill* (1888) 86 Ky. 656 (7 S. W. Rep. 27); *St. Louis, etc., R'y Co. v. Worthen,* (1890) 52 Ark. 529 (13 S. W. Rep. 254).

In dealing with such a question as this case presents decisions from other states should be used with caution and applied with due regard to the statutory law (not always cited) which lies behind them. We believe, however, that the cases above mentioned illustrate, at least, a general principle having a vital hearing on the result of this appeal, namely: that a statutory appointment of a date to make objections to antecedent steps (in the matter of assessments for taxation) affords a sufficient opportunity for a hearing thereon to answer the requirements of due process of law.

We are not unmindful that there are remarks in *State ex rel. v. Board* (1891) 108 Mo. 235 (18 S. W. Rep. 782) not entirely in accord with the foregoing views. . But those remarks were unnecessary to the judgment, which was finally placed on the safe ground that the objecting party actually appeared, and was duly heard by the board of equalization—a fact justly held to avoid the force of any objection of want of notice. Moreover this division did not in that case pass upon the effect of the statute (section 7519) as giving notice and opportunity for objections by virtue of its own terms. We hence do not regard the remarks referred to as conclusively barring all investigation of the question of statutory notice, particularly when the full court had already held that a meeting of an equalizing board, at a time and place required by law, imposed a duty on parties in interest to take notice thereof. *State ex rel. v. Railroad* (1890) 101 Mo. 120 (13 S. W. Rep. 893). (See also *Pac. R. R. Co. v. County Clerk*, 1874, 57 Mo. 223.)

We hold that as the statute requires no notice of an increase of assessment of personal property, other than is afforded by the record of the board of equalization, and permits parties objecting thereto to appear at an appointed date thereafter to show cause against such increase, no other notice thereof is demanded under the constitution and laws of this state, when the board of equalization meets at the time so appointed. In such case the law itself gives the notice.

If the lawmaking authority intended further notice, it could readily have so ordered, as it has already done with respect to the increase of assessments of real property. .

5. It is further urged that the assessment in question should have been made against the stockholders and not against the bank proper. The contention of

appellant on this branch of the case lacks the necessary showing of facts on which much of the argument is based.

The original assessment was founded on a statement of the bank in which it returned, and valued for taxation, only money and "other property." There is no specific reference in the return to any shares of stock or to any other facts that would enable one to separate corporate stock from bank furniture or other personalty of the corporation. Nor is there anything in the proceedings of the board to show that the question whether the stockholders or the bank should be assessed for the capital stock was ever considered or decided.

On this point the record of the board merely shows a return of the bank's money and general personal property at a certain valuation and an increase thereof by the board. The bank at least can not. justly complain that the county board dealt with the property as that of the bank, according to the representation of the bank on that point in its tax return.

The learned trial judge found the assessment valid and entered judgment for defendant on the record. We think the judgment was right, and that it should be affirmed. It is so ordered. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.