EATON *et al., Appellants,* v. THE COUNTY OF ST. CHARLES.

1.   **County Courts** : JURISDICTION : SWAMP LANDS.  Notice of an application to the judges of a county court for the reclamation of swamp lands under the act approved March 3rd, 1869, (Sess. Acts, p. 63,) and the amendatory act approved February 15th, 1873, (Sess. Acts, p. 51,) is a jurisdictional fact, without proof of which all subsequent proceedings will be *coram non judice.*

.2.   ————: PRACTICE—SUPREME COURT: ST. LOUIS COURT OF APPEALS : CERTIORARI : AFFIDAVITS.  On an appeal to the Supreme Court from the St. Louis court of appeals, the cause will be heard and determined, only upon precisely the same record as that which was before the court of appeals; and no regard will be paid to any amended record brought by *certiorari* directly to the Supreme Court from the trial court, nor to any affidavits as to the evidence upon the trial in such court.

*Appeal from St. Louis Court of Appeals.*

.AFFIRMED.

This was an action brought by appellants in the circuit court of the county of St. Charles for damages for the breach of a contract, entered into on the part of the respondent by commissioners appointed under the statute of this State, approved March 3rd, 1869, and the amendatory act approved February 15th, 1873, entitled "An act to provide for the reclamation of swamp and overflowed lands bordering on or situated near the river," whereby appellants undertook to perform certain work, in accordance with plans and specifications under the directions of said commissioners, and necessary for the drainage of certain swamp lands in said county, for which respondent agreed to pay at certain specified rates.  Among many other defenses to the action, respondent's answer averred that said commissioners never were lawfully appointed.  As bearing upon this issue, the record brought from the St. Louis court of appeals showed that at the trial in the circuit court proof was made that a petition had been presented to the judges of the county court stating that the petitioners were

a majority in interest in a certain body of swamp lands in said county, and praying for the reclamation and protection thereof, the appointment of commissioners and the taking of such further steps under such acts as were necessary to accomplish such object, but it did not show that any proof was made that notice of such application had been given. Such record being in the Supreme Court upon appeal, upon application by appellants, the court issued a, writ of *certiorari* to the clerk of the circuit court requiring him to send up a correct transcript of the record, and in obedience to this writ a transcript was brought up, which showed that proof had been made of such notice upon the trial. On behalf of the respondent an affidavit was filed to the effect that in the trial court there had been no evidence of such notice.

*Taylor & Pollard* for appellants.

*William A. Alexander* for respondent.

## I.

SHERWOOD, J.—A proceeding under the provisions of the swamp land act, is a special statutory proceeding, and notice under that act is a jurisdictional fact which must affirmatively appear, or else all steps subsequently taken will be *coram non judice*. In proceedings of the character mentioned the same rule holds in courts of general as in courts of limited jurisdiction; no more favorable presumptions are to be indulged in the former than in the latter. *Ells v. Railroad Co.*, 51 Mo. 200, and cases cited. For this reason we cannot make any presumptions in favor of notice having been given of proceedings to be had in the county court. So we shall approve the views of the St. Louis court of appeals on this point.

## II.

We must hear and determine this cause on precisely the same record as that upon which the cause was heard

and determined in the court of appeals. To hold otherwise would lead to the palpable absurdity of this court reversing the judgment of that court upon a state of facts never brought before that court for adjudication. For this reason we cannot look at the transcript brought up directly from the St. Charles circuit court, by our writ of *certiorari* improvidently granted. We cannot overleap the court of appeals in this manner. And for like and similar reasons we can pay no regard to any affidavit as to the *status* of the record of the trial court touching the fact of notice. Litigants in this court must stand or fall by the record.

Judgment affirmed. All concur.