STATE OF MISSOURI EX REL. ST. LOUIS DIE CASTING CORPORATION, a Corporation, Respondent, v. M. E. MORRIS, Director of Revenue of the State of Missouri, Appellant.—No. 41209.—219 S. W. (2d) 359.

Division Two, March 14, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, April 11, 1949.

*J. E. Taylor,* Attorney General, *Tyra W. Burton* and *Harry J. Salsbury,* Assistant Attorneys General, for appellant.

*Dubail & Judge* and *Henry H. Stern* for respondent.

[360] BOHLING, C.—This appeal involves a construction of the Missouri Sales Tax Act[1] with respect to an additional assessment of tax against the St. Louis Die Casting Corporation, a corporation, relator here. The Director of Revenue of the State of Missouri appeals from a judgment quashing his proceedings imposing said additional tax. An issue for determination is whether the Director of Revenue was required to accompany the notice of such additional assessment "with written notice of the time and place where the person may be heard on a petition by him for reassessment." § 11420.

The return of the Director of Revenue to the writ of certiorari issued upon relator's petition discloses the following facts:

---

[1] Statutory references are to the sections numbers appearing in Mo. R. S. 1939 and corresponding section numbers in Mo. R. S. A. The litigants refer to the Sales Tax Act in Laws 1945, pp. 1865-1881, Secs. 11407-11455, and our references to said sections are to said Laws of 1945.

A "Consolidated Sales Tax Return" of relator, as reported by Sales Tax Auditor F. W. Muldering, covering the period between September 11, 1945, and August 31, 1946, and bearing date of September 5, 1946, shows "Additional tax due" as follows: Tax findings $375.29; Penalty and interest $14.66. Total $389.95. Relator issued its check to cover on September 10, 1946; but under date of September 11, 1946, notified the Collector of Revenue by letter, that the check had been inadvertently issued; that the assessment involved covered [361] sales in interstate commerce upon which no sales tax was due under the Act, and that it had stopped payment on the check.

On October 18, 1946, relator received a notice, dated October 17, 1946, of an assessment for unpaid sales tax for the period mentioned above, as follows: "Additional tax $375.29; Penalty $93.82; Interest $73.18. Total $542.29," which said notice advised that the same was based upon said return and report of September 5, 1946; that the examination of the auditor disclosed evasive sales tax returns for the period covered, and a penalty of 25% had been assessed; and further: "Your remittance should be attached to this assessment and mailed to Collector of Revenue, Box 840, Jefferson City, Missouri, within fifteen (15) days after receipt of this notice." This was followed by the signature of the tax officer and: "This assessment becomes final within 15 days."

Relator instituted this certiorari proceeding under § 11445 on November 6, 1946, to test the propriety of said "additional tax."

With respect to the sufficiency of the notice, the Director of Revenue says that he gave notice according to the provisions of § 11433, the "fraud or evasion" section; that since relator did not pursue the administrative remedy provided by § 11428 by petitioning for a reassessment, no further notice or hearing was required, and that the additional assessment should be sustained and judgment entered against relator as provided in § 11445. Relator's position is that § 11428 does not relieve the Director of Revenue of the duty to give the "written notice of the time and place where the person may be heard on a petition" for reassessment as required by § 11420, which notice admittedly was not given.

The Sales Tax Act, insofar as material, imposes a tax payable by the purchaser (§ 11412) of two per cent of the purchase price upon retail sales (§ 11408), subject to certain exemptions (§11409). The seller is required to collect the tax from the purchaser. § 11411. He is also required to make a return to the Director of Revenue, who is charged with the administration of the Act (§ 11413), showing his gross receipts from taxable transactions, the tax due thereon, and to remit the tax on or before the 15th day of the following calendar month (§§ 11411, 11416). This return is subject to review and revision as provided in said Act. § 11416. The Director of Revenue, or his authorized agent, may conduct investigations and hearings

1174

and examine the books and records, et cetera, required to be kept by persons subject to the Act (§ 11421) for the purpose of ascertaining the correctness of any return (§ 11422).

After placing the burden upon the seller of proving a given transaction not subject to the tax, § 11420 provides: ". . . If the Director of Revenue is not satisfied with the return and payment of the tax made by any person, he is hereby authorized and empowered to make an additional assessment of tax due from such person, based upon the facts contained in the return or upon any information within his possession or that shall come into his possession. The Director of Revenue shall give to the person written notice of such additional or revised assessment, together with written notice of the time and place where the person may be heard on a petition by him for reassessment."

Section 11433 provides: "If fraud or evasion on the part of a person is discovered by the Director of Revenue, he shall determine the amount of which the state has been defrauded, shall add to the amount so determined a penalty equal to twenty-five (25) per cent thereof, and shall assess the same against the person. The amount so assessed shall be immediately due and payable: Provided, however, that the Director of Revenue shall promptly thereafter give to said person written notice of such assessment and penalty, which notice shall be served personally on such person, or by registered mail. Such person shall have the right to petition for hearing of such assessment, as is provided herein."

Section 11428, in so far as material, reads: "Any person against whom an additional assessment is made by the Director of Revenue, under the provisions of this article, may petition for a reassessment thereof. Notice of intention to file such petition or to appear and be heard shall be given by the person to the Director of Revenue [362] prior to the time the additional assessment becomes due and payable. A petition for such reassessment may be filed with the Director of Revenue . . ., whereupon the Director of Revenue shall give notice of such hearing upon such petition for reassessment and fix the date upon which such hearing shall be held. . . . If no petition for reassessment is filed with the Director of Revenue the person may nevertheless appear at the hearing and present his objections orally."

Notices under the Act are to be given "not less than ten (10) days prior to the day fixed for the hearing." § 11424. All hearings are required to be held in the county wherein the person resides or has his principal place of business. § 11425. Any amounts assessed, including penalties, under the Act are due and payable to the Director of Revenue within fifteen days after notice. § 11427. Delinquent taxes bear interest at the rate of three per cent per month. § 11430.

 We have examined the return of the record before the Director of Revenue and it does not disclose any substantial probative evidence of "fraud or evasion" by relator calling for the twenty-five per cent penalty of § 11433. It indicates the Director of Revenue reviewed the gross receipts and tax as returned by relator and, after an audit, based the additional assessment on receipts for which relator did not collect the tax from the purchaser under a bona fide belief the transactions were exempt under § 11409 from the tax because they were in interstate commerce. The "Consolidated Tax Return" of September 5, 1946, did not assess the twenty-five per cent penalty of § 11433. The only thing occurring thereafter was relator stopping the payment of the check inadvertently issued to cover·the additional assessment with the statement of relator's position that the transactions were had in interstate commerce and, therefore, not subject to the tax. This is not a showing of a positive, intentional deceit or subtle device to escape the tax, "fraud or evasion" under § 11433. Furthermore, the additional assessment under § 11433 is "immediately due and payable"; whereas the instant notice stated remittance was to be made within fifteen days. So far as disclosed of record the additional tax proceedings were under § 11420. The contention based on the applicability of § 11433 is not supported by substantive evidence.

 It has been said many times it is elementary in construing statutes that, if possible, effect must be given to every word, clause, sentence, paragraph, and section of a statute so that one section, or part, will not contradict, conflict with or destroy another; and it is presumed the legislature intended every part and section of a law to have effect and be operative. Graves v. Little Tarkio Drainage Dist. No. 1, 345 Mo. 557, 569, 134 S. W. 2d 70, 78[9, 11]; State ex rel. v. Danes, 321 Mo. 1126, 1151, 14 S. W. 2d 990, 1002; Castilo v. State Highway Comm., 312 Mo. 244, 279 S. W. 673, 676[4, 5]; State ex rel. v. Padberg, 346 Mo. 1133, 145 S. W. 2d 150, 151[5].

 The provision for holding hearings in the county of the person's residence or principal place of business (§ 11425) makes notice of the time and place of hearings singularly appropriate. The Director of Revenue says that under §§ 11420 and 11428 a notice of the time and place of hearing is required only when a petition is filed for a reassessment, which was not done in this case. This contention ignores the provision of § 11420 requiring a written notice of the additional assessment "together with written notice of the time and place where the person may be heard on a petition by him for reassessment." He concedes § 11428 has application. The last sentence of § 11428 ("If no petition for reassessment is filed with the Director of Revenue the person may nevertheless appear at the hearing and present his objections orally") would be inoperative and superfluous if a notice of the time and place for hearing is required only after the filing of a

petition for reassessment as § 11428 specifically requires such notice upon the filing of a petition; and the requirement of § 11420 that a "written notice of the time and place where" the person may appear and be heard accompany the notice of the "additional or revised assessment" affords the only notice for presenting "objections orally" as contemplated [363] by § 11428. The two provisions round out the provisions relating to notice when read together.

██ The failure to give the statutory notice causes the assessment to be void. State ex rel. v. Corneli, 351 Mo. 1, 7, 171 S. W. (2d) 687, 689[5-8], is apropos. In that case a county board of equalization ordered $1,303,013 personal property added to the assessor's books in lieu of $200 arbitrarily assessed by the assessor against the tax payer; but the record failed to show that the applicable provisions of § 11006, requiring "notice in writing to be served upon the owner . . . naming the time and place . . . when and where such owner may appear before said board and show cause why said assessment should not be made," had been complied with. The court said: "All the record discloses is the preliminary assessment of April 17 and the extension of the assessment on the assessor's books; no service of notice, no meeting, no opportunity to be heard. Without these, the proceeding is contrary to the statute and the assessment is void. In tax proceedings, as in other proceedings, notice is a prerequisite to the validity of such proceedings . . . Where notice is jurisdictional, as it is here, it must affirmatively appear of record, unless waived, or the proceedings are void." See State ex rel. v. Springer, 134 Mo. 212, 224, 35 S. W. 589, 591; Eaton v. County of St. Charles, 76 Mo. 492; State ex inf. v. Colbert, 273 Mo. 198, 213, 201 S. W. 52, 56[7]; State ex rel. v. Landwehr (Mo.), 32 S. W. 2d 83, 85.

██ The circuit courts are vested with authority "to review all questions of law and fact determined by the Director of Revenue in administering the provisions of this article, by writ of certiorari to the Director of Revenue. . . The Director of Revenue shall certify the record of his proceedings to said Circuit Court for review. . ." § 11445. It is the position of the Director of Revenue that the review proceedings upon certiorari are restricted to the questions of law and fact upon the record before him and certified in his return to the writ. State ex rel. v. Remmers, 340 Mo. 126, 101 S. W. 2d 70, 71 [1-3]; State ex rel. v. Neaf, 346 Mo. 86, 139 S. W. 2d 958, 962 [7-9]; State ex rel. v. Ossing, 336 Mo. 386, 79 S. W. 2d 255, 256[1]; 14 C. J. S., Certiorari, p. 284, §§ 147, 152, 157, 164, 165, 172.

Relator contends the transactions involved interstate commerce and under § 11409 are specifically exempted from the Act, claiming this exemption is established by the statement in the return: "Tax liability incurred principally by taxpayer's failure to charge and remit tax on dies made for outstate customers. Dies are used by St. Louis Die Casting Corporation in St. Louis to make production runs

for customers." The whole of the "additional assessment" was not necessarily due to "dies" made for outstate customers, but only "principally." Other features may also enter into a determination whether said transactions are properly subject to the Act. We think an overruling of the assessment on this ground would rest in speculation and conjecture under the legally competent evidence of record, and its determination should await competent evidence developing the facts.

Accordingly, the judgment should be and is affirmed because of a failure to comply with the statutory provisions relating to notice; but any ruling involving whether the transactions constituted a "sale at retail" within the Sales Tax Act as set out in the judgment is withheld; and the cause is directed to be remanded to the Director of Revenue for further action consistent herewith. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.