STATE of Missouri ex rel. STATE TAX COMMISSION of Missouri, composed of James M. Robertson, John A. Williams and J. Ralph Hutchison, Members, Relator,

v.

The Honorable J. Casey WALSH, Judge, Division No. 2, 8th Judicial Circuit of Missouri, Respondent.

No. 46630.

Supreme Court of Missouri,

En Banc.

Sept. 8, 1958.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for petitioner.

Rassieur, Long & Yawitz, Terry K. Donk, Robert H. Batts, St. Louis, for respondent.

LEEDY, Judge.

Original proceeding in prohibition. Relator, State Tax Commission of Missouri (composed of James M. Robertson, John A. Williams and J. Ralph Hutchison as members), seeks to prohibit respondent, a Judge of the 8th Judicial Circuit, from exercising jurisdiction over the person of relator in an action filed August 2, 1957, and presently pending before respondent in Division No. 2 of the Circuit Court of the City of St. Louis, styled "Vern H. Schneider, et al., plaintiffs, vs. State Tax Commission of Missouri, defendant," No. 2863E, in which action certain parties have been permitted to intervene.

The central feature of the petition in the action just mentioned is its direct attack upon the validity of relator's intercounty equalization order of July 5, 1957 (as having been made in contravention of both Federal and State constitutions as well as particularly designated state statutes). The petition concludes with paragraph 12 and the prayer, as follows:

"12. The Plaintiffs are without an adequate, certain and complete remedy at law to prevent systematic discrimination by said State Tax Commission in the matter of purportedly equalizing the values of real estate assessments among all of the counties in the State of Missouri, including the City of St. Louis, in that there is no statutory provision for taxpayer representation before said State Tax Commission prior to the time of its making and entering said purported order of equalization, nor is there any statutory remedy of direct appeal from said purported order of equalization other than as provided by Chapter 536, RSMo 1949, V.A.M.S.

"Wherefore, Plaintiffs pray the Court that it make and enter its decree as follows:

"(a) Declaring null and void, and of no force and effect, the purported order of equalization made and entered by the State Tax Commission of Missouri on or about July 5, 1957, being Exhibit A attached to this petition, or

"(b) Reducing the valuation of real property in the City of St. Louis, Missouri, to the same percentage of true value in money as real property is assessed in other counties of Missouri, and forever enjoining the State Tax Commission from equalizing assessments of real property in the City of St. Louis at 100% of its true value in money, or any percentage of true value in money greater than real property is assessed in other counties of Missouri, or

"(c) Declaring null and void and of no force and effect the assessed valuation of the above described property of Plaintiffs and all assessments of all State, school and local taxes against said property based on such valuation, and for such other and further ·orders as to the court may seem meet, just and proper in the premises."

Upon the filing of this petition no summons or other process as contemplated by § 506.110 was issued (nor has there ever been), but, on the contrary, and in ostensible compliance with § 536.110, three copies of the petition were forwarded to relator by registered mail and received by it August 5, 1957.

On September 27, 1957, relator, appearing specially and only for the purpose of the motion, filed its motion to dismiss "upon the ground that said court did not have jurisdiction over the petitioner for the reason that said petitioner had not been served with process in the City of St. Louis, State of Missouri, and for the further reason that venue does not lie in the Circuit Court of the City of St. Louis." This motion was overruled October 11, 1957. Apart from this special appearance, relator has made no other or further appearance in said court.

Such was the state of affairs when, upon relator's application, the preliminary rule issued. The return admits the facts as alleged in that application, and sets up as

particular warrant for, and authorization of, respondent's jurisdiction two sections of what is popularly known as our Administrative Procedure and Review Act (Chap. 536), namely, §§ 536.105, 536.110.

Section 536.105, which provides for judicial review of non-contested administrative decisions, came into the body of the law in 1953 after having originated as Senate Bill 283. Laws 1953, p. 678. Said Senate Bill, including the title, is as follows:

"An Act providing for the review by injunction, certiorari, mandamus, prohibition or other appropriate action of decisions of administrative officers or bodies existing under the constitution or by statute or by municipal charter or ordinance, determining the legal rights, duties or privileges of persons, where there is no other provision for judicial review of such decisions; providing for the .determination of the facts in such review proceeding and for the scope of such review and the relief that may be granted; excluding from the operation of this Act contested cases reviewable pursuant to Sections 536.100 to 536.140, Revised Statutes of Missouri, 1949; providing against the impairment of any power to take summary action lawfully vested in any such administrative officer or body, and providing against the limitation of the jurisdiction of any court or of the scope of any remedy available in the absence of this Act.

"Section 1. * * * When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be review-

ed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.

"Section 2. * * * Nothing in Section 1 of this Act shall apply to contested cases reviewable pursuant to Sections 536.100 to 536.140, Revised Statutes of Missouri, 1949.

"Section 3. * * * Nothing in this act shall be construed to impair any power to take summary action lawfully vested in any such administrative officer or body, or to limit the jurisdiction of any court or the scope of any remedy available in the absence of this act."

Sections 536.100–536.140 constitute the review sections of the Administrative Procedure and Review Act, supra. It is conceded that prior to the enactment of present § 536.105, such review sections were applicable only to contested cases, and that the decision against which the circuit court

case is directed is not a contested case within the meaning of the sections just mentioned. Note the language of § 536.-100: "Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision *in a contested case* * * * shall be entitled to judicial review thereof, as provided by section 536.100 to 536.140, unless some other provision for judicial review is provided by statute; provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section * * *." (Emphasis supplied.)

Section 536.110 (the applicability of which to an action under § 536.105 is the decisive question in this case) provides, among other things:

"1. Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.

"2. * * * No summons shall issue in such case, but copies of the petition shall be delivered to the agency *and to each party of record in the proceedings* before the agency or to his attorney of record, or shall be mailed to the agency *and to such party* or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case.

"3. The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole county or in the county of the plaintiff or of one of the plaintiff's residence or if any plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. The court in its discretion, may permit other interested persons to intervene." (Emphasis supplied.)

Of the two remaining review sections it may be said, in brief, that § 536.130 has to do with the record on judicial review, and provides alternate methods of preparing the same; and § 536.140 prescribes in detail the scope of review, the judgment to be rendered and authorizes appeals therefrom.

It will thus be seen that, except for the enactment of § 536.105, there could be no question but that an action to obtain injunctive and declaratory relief from an allegedly void order of an administrative body in a *non-contested case* or proceeding would have been governed by the requirements of §§ 506.110 and 508.010 in relation to the institution of suits by summons, and the venue of such suits, respectively. The question for decision, then, is whether those same requirements govern the venue and process in an action brought under § 536.105, as relator contends, or whether, in such an action, those matters are controlled by the provisions of § 536.110, as respondent contends. (In the former event, venue in the action here challenged would be admittedly in Cole County, where relator's offices are required to be located, Art. IV, § 20, Const. of Mo., 1945, V.A.M.S., and its principal duties are to be performed, §§ 138.250, 138.350. State ex rel. Gardner v. Hall, 282 Mo. 425, 221 S.W. 708; State ex rel. Toberman v. Cook, 365 Mo. 274, 281 S.W.2d 777.)

Legislative intent as affecting the construction and effect to be given § 536.105 is controlling. Looking to its history, we find a counterpart of this new section was proposed in a bill (SB 345) introduced in the 64th General Assembly, which failed to pass. A like bill was reintroduced in the 65th General Assembly as a Committee bill by order of the Senate Judiciary Committee, and duly passed as Senate Bill 105, but was later vetoed by the Governor. Laws 1949, p. 645. The Committee comment contained in the report of the Administrative Law Committee to the Board of Governors of The Missouri Bar (19 University of Kansas City Law Review 336–338, 4 Journal of The Missouri Bar 176) sets forth the nature and purpose of the original measure (introduced as SB 345, 64th General Assembly), and of which present § 536.105 is an almost identical copy, as follows:

"This is a companion bill to the proposed 'Administrative Procedure Act of Missouri.' It is supplementary to L.Mo.1945, p. 1504, and to Section 22, Article V of the Constitution. The Constitution and the 1945 act deal with judicial review of administrative decisions where evidence is taken before an agency so that there is a record to review of the same kind that exists when an appellate court reviews the judgment of a lower court.

"There are numerous cases, however, where agencies may act without having a hearing or making a record of evidence heard. In those cases the remedies of certiorari, mandamus, etc., are frequently inadequate, because of the inability of the court to consider the facts bearing on the merits of the agency's decision, because no record of evidence has been made for the court to review.

"This bill is designed to correct this situation. It provides for the making in court, in a certiorari proceeding, for example, of the same kind of record that would be made before the agency in a case reviewable under Section 22 of Article V of the Constitution. In other words it gives the court power to hear evidence on the merits of the plaintiff's case before the agency, so that it can determine in the light of the facts as they appear to the court whether the agency's decision is proper."

The comment of said Committee in regard to Section 2, contained in the same report, reads as follows:

"This act applies only where 'there is no other provision by statute, municipal charter or ordinance for judicial or administrative review.' This refers to particular review provisions so provided. Inasmuch as Section 10 of L.1945, p. 1504, applies 'unless some other provision for judicial review is provided by statute,' it is important that contested cases reviewable under Section 10 be expressly excluded from the operation of this act, so that there will be no possibility of conflict."

It is particularly to be noted that the the intent of the bill was that the several types of action specified therein were to be made more flexible and adaptable so as to mould them to fit the needs of those aggrieved by non-contested administrative decisions by making provision for taking evidence, and thus permit the court to determine for itself the facts relevant to the question at issue—a sort of statutory certiorari, for instance.

■ In answer to the argument that the legislature surely did not intend that on review contested and non-contested administrative decisions were to be treated differently in the matter of venue and jurisdiction, it may be said that there appear to be sound policy reasons for such differentiation. It is true that many types of contested administrative cases are, by virtue of particular statutes, heard (or reviewed) elsewhere than at the county of the principal office of the agency. For example, in workmen's compensation cases, judicial review is provided for by "appeal to the circuit court of the county in which the accident occurred * * * [or, in certain events] in the county where the contract of employment was made." Sec-

tion 287.490. Contested decisions of the supervisor of liquor control are reviewable in "the circuit court of the county wherein the party aggrieved resides." Section 311.700. But this is quite understandable in the light of the character of such review hearing, and the machinery by which it is obtained. A contested case is reviewed on a record reflecting proceedings which have already occurred, so it is a relatively easy matter to make up and file in the reviewing court a transcript thereof, § 536.140; but not so under § 536.105, which, in general, contemplates not a review on the record as made before the agency, but rather on a record to be made in the reviewing court, involving the hearing of testimony of witnesses, thus rendering the provisions of § 536.130 incompatible with such new act. Not only this, but had the legislative intent been to make the review sections of Chapter 536 applicable to an action brought under § 536.105, there would have been no occasion for spelling out the scope of review, as § 536.105 does, when the subject of scope of review had already been covered by § 536.140. But review under the procedure outlined above is something quite different from opening up for review, in a modified conventional form of action, in the county of the residence, and at the option of any person indirectly affected by, administrative decisions in uncontested or ex parte matters. We fail to discern any intent in the new act to render inapplicable to an action brought under its provisions the venue and process requirements of §§ 506.110 and 508.010. Accordingly, the preliminary rule in prohibition should be, and it is, made absolute.

All concur.