STATE ex rel. WILSON CHEVROLET,
INC., et al., Appellants,

v.

Walter WILSON et al., Respondents.

No. 47643.

Supreme Court of Missouri,

Division No. 1.

March 14, 1960.

R. E. Moulthrop, Bethany, for respondents.

W. V. Mayse, Bethany, for appellants.

VAN OSDOL, Special Commissioner.

Relators, Wilson Chevrolet, Inc., a Missouri corporation with principal place of business at Bethany, and Richard C. Wilson, president of the corporation and its principal shareholder, instituted this action by petition for the writ of certiorari to examine the record of an increase in the assessment of relators' merchants-tax valuation for the year 1958. Upon issuance of the writ, respondents, constituting the Board of Equalization of Harrison County, made return; and the trial court, after hearing, found for respondents and quashed the writ. Relators have appealed.

. The Supreme Court has jurisdiction of this appeal on the ground that the case is

one involving the construction of the revenue laws of this State. State ex rel. Harrison County Bank v. Springer, 134 Mo. 212, 35 S.W. 589; May Dept. Stores Co. v. State Tax Commission, Mo.Sup., 308 S.W.2d 748; Const. Art. V, § 3, V.A.M.S.

Relators-appellants had alleged in their application and petition and the record of the Board shows that, acting under the provisions of Section 150.050 RSMo 1949, V.A.M.S., and related Sections, respondents, members of the Board, had ordered an increase of relators' merchants-tax valuation for 1958 from $12,000 (the amount stated by relators in their merchants-tax statement) to the amount of $45,000. This order was made at the session of the Board convened on the second Monday in July, 1958. Relators averred that they were not notified of the Board's action by "personal notice through the mail" as required by Section 150.060 RSMo Supp.1957, V.A.M.S., and consequently were not afforded an opportunity to appear at the subsequent session of the Board convened on the second Monday of August, 1958, and to then and there state "reasons—why such increase should not be made."

Section 150.060, subd. 1, supra, reads as follows,

"The assessor or the county clerk shall return the merchants' tax book and the assessor shall make the reports required by section 150.055 to the county board of equalization on the second Monday in July in each year, which said board is hereby required to meet at the office of the clerk of the county court on the second Monday in July in each and every year, for the purpose of equalizing the valuation of merchants' statements, and to that end shall carefully compare the statements made by such merchants with the reports made by the assessor under section 150.055, and shall have the same powers and shall proceed in the same manner as provided by law, for the equalization of real and personal property, so far as is consistent with the provisions of sections 150.010 to 150.-290; *but after the board shall have raised the valuation of any statement, it shall give notice of the fact* to the person, corporation or firm whose statement shall have been raised in amount, *by personal notice through the mail,* specifying the amount of such raise, and that the said board will meet on the second Monday in August to hear reasons, if any may be given, why such increase should not be made." (Our italics.)

The allegations and contentions that the statutory "personal notice through the mail" was not given and no opportunity to be heard afforded with related contended failure to observe due process raise the decisive issue of this case.

In hearing the cause, the trial court admitted evidence (extrinsic to the record of the Board). The evidence so admitted included parol evidence and a copy of a carbon copy of a letter, "Exhibit 1," which had been produced by respondents and attached to their return to the writ, and which letter purported to have been written to relator Wilson Chevrolet, Inc., by the chairman of the Board advising of the increase in valuation and that the Board would be in session August 11–12, 1958, "to hear any objections you might have." All of this evidence was admitted over relators' objections. The evidence so admitted was substantial in tending to show that the statutory personal notice through the mail was given; however, the trial court announced that the parol evidence was not being taken into account in the finding and judgment for respondent and in quashing the writ. But, the trial court considered the carbon copy of the letter as properly a part of the Board's record, and principally relied upon the copy in finding for respondents and in quashing the writ. We are put to the decision whether the verbal evidence adduced is to be considered by us here upon this appeal. This, because we have the view that the records and files

of the Board's proceedings, considered with or without the Exhibit 1, "do not affirmatively show" the giving of the statutory notice and because respondents contend that, in this case, evidence (extrinsic to the Board's record), relating to the notice, was correctly admitted; should have been considered by the trial court; and certainly now by this court upon this appeal. In this connection respondents rely on Section 536.105 RSMo Supp.1957, V.A. M.S. as applicable to this action, and as enlarging the scope of the review by certiorari of the decision of the Board.

On the other hand, relators say that a county board of equalization is a body or tribunal created by statute and of limited jurisdiction; that certiorari is a common-law remedy limited to the purpose of bringing up the record of a cause or proceeding to a superior court; and that, in certiorari, the scope of the review is limited to the record of the inferior tribunal. And relators say that in certiorari cases it often has been said that facts vesting jurisdiction in such a tribunal as a county board of equalization must be determined from the record. State ex rel. Harrison County Bank v. Springer, supra; State ex rel. Adler v. Ossing, 336 Mo. 386, 79 S.W.2d 255; State ex rel. Lane v. Corneli, 351 Mo. 1, 171 S.W.2d 687; State ex rel. St. Louis Die Casting Corp. v. Morris, 358 Mo. 1170, 219 S.W.2d 359. And, particularly, they say it has been held there is no presumption in favor of the jurisdiction of a county board of equalization. State ex rel. Lane v. Corneli, supra. But, as stated, respondents contend the limited scope of the review by remedy of certiorari has been enlarged, in a case such as this, by Section 536.105, supra.

The stated Section provides that when "any administrative officer or body * * * shall have rendered a decision *which is not subject to administrative review* determining the legal rights, duties or privileges of any person * * * and there is no other provision for judicial inquiry into or review of such decision" such decision may be reviewed by stated actions including "certiorari," and that the reviewing court may determine the facts relevant to the question whether such person at the time of the decision was subject to such legal duty, or had such right or was entitled to such privilege, "and may hear such evidence on such question as may be properly adduced" and the court may determine whether such decision, in view of the facts as they appear to the court, "is unconstitutional, unlawful, * * *." (Our italics.)

■ Section 536.105 was considered, in passing, in May Dept. Stores Co. v. State Tax Commission, supra. It was there said the Section clearly comprehends only decisions involving individual rights and interests. We have also read the study of the Section in State ex rel. State Tax Commission v. Walsh, Mo.Sup., 315 S.W. 2d 830. There it was held that actions for review instituted under the Section are governed by venue and process requirements of the Civil Code rather than the Administrative Procedure and Review Act. In that connection, this court observed it was the intent that the several types of actions mentioned in the Section were to be made more flexible and adaptable so as to fit the needs of those aggrieved by non-contested administrative decisions "by making provisions for taking evidence, and thus permit the court to determine for itself the facts relevant to the question at issue— a sort of statutory certiorari, for instance." 315 S.W.2d at page 835. We also notice that Section 536.105 is applicable to "non-contested" administrative decisions. These are decisions which are not required by law to be determined after hearing. State ex rel. Leggett v. Jensen, Mo.Sup., 318 S.W.2d 353; State ex rel. State Tax Commission v. Walsh, supra; Section 536.010 (3) RSMo 1949, V.A.M.S.

If respondents' argument were projected it would be to the effect that relators were not aggrieved and were afforded due process if the statutory personal notice through the mail was in fact given. And, in view of the Section 536.105, supra, providing

for certiorari (and other remedies) with broadened scope of review in which evidence may be heard, relators should not wish to circumscribe the inquiry in this case to the Board's record, if notice was in fact given, and thus vitiate the increase in relators' merchants-tax valuation by a technical adherence to the limited scope of review by the common-law remedy of certiorari.

■ One of the difficulties we have in approving this argument is that, although the common-law remedy of certiorari is limited in the scope of its review to the record of the inferior tribunal, the rule (that a jurisdictional fact must affirmatively appear on the face of the record of a statutory tribunal of limited powers and jurisdiction) is not founded on the procedural limitation of scope of the common-law remedy of certiorari (or other remedy) to a review of the record. The basis of the rule is that a tribunal of limited powers and jurisdiction such as a county board of equalization has only such powers and jurisdiction as are committed to it by statute. It speaks only through its record. Its record must show its jurisdiction, otherwise its action or decision in exercising its statutory functions is void. "It has long been the settled law in Missouri that the jurisdiction of courts of inferior jurisdiction and of courts that do not proceed according to the course of the common law must affirmatively appear on the face of the proceedings." Sutton v. Cole, 155 Mo. 206, 55 S.W. 1052–1054; State ex rel. St. Louis Die Casting Corp. v. Morris, supra; State ex rel. Lane v. Corneli, supra; Doddridge v. Patterson, 222 Mo. 146, 121 S.W. 72; Iba v. Hannibal & St. J. R. Co., 45 Mo. 469; Schell v. Leland, 45 Mo. 289; Hansberger v. Pacific R. Co., 43 Mo. 196; Edmonson v. Kite, 43 Mo. 176; State v. Metzger, 26 Mo. 65. And where notice is jurisdictional, as it is here, it must affirmatively appear of record, unless waived, or the proceedings are void. State ex rel. Lane v. Corneli, supra, and cases therein cited.

■ If personal notice is required by statute, proof of such notice is a jurisdictional fact. The board should keep a record of all its doings; and the "record must show affirmatively on its face the necessary jurisdictional facts, since the board is a tribunal of limited and inferior powers." Vol. III, Cooley, The Law of Taxation, 4th Ed., §§ 1124 and 1227; 84 C.J.S. Taxation § 542, pp. 1048–1050.

■ The records and papers as produced by respondents include the minutes and record of the proceedings of the Board convened on the second Monday in July, 1958; the merchants' assessment and tax book of Harrison County for the year 1958, showing the amount, $12,000, the valuation of relators' merchants' stock as given the assessor, and the extension of the amount, $45,000, of valuation as adjusted by the Board. In these minutes, record and assessment book there is no reference to or direction for the giving of notice to relators. The only paper included in the return having any bearing upon notice was the copy of the purported letter, "Exhibit 1," mentioned supra. As we see it, the copy of the letter, considered as a form of written notice, was sufficient in form, but it is not the form of the notice which is in question here. Of what demonstrating significance was the copy of a letter in showing personal notice through the mail, absent proof by affidavit or certificate or by some recital somewhere in the whole record and files of the proceedings that the original letter was duly and timely mailed? Now it was not essential that the fact of notice should be shown on the face of the proceedings of the second Monday of July, if the record of the proceedings of the second Monday of August, 1958, had recited, or the papers and files of the Board pertaining to the August proceeding had shown that personal notice through the mail had been given. State ex rel. Lane v. Corneli, supra. But we infer that no record recital and no other manner of documentary proof of the giving of notice is disclosed in any record or writing per-

taining to the August proceedings. We draw this inference from the fact that respondents in making their return to the writ produced no record, file, document; certificate, or other writing having anything to do with the August session of the Board. And we believe it should not be assumed that respondents in making their return were not obedient to the command of the writ that they produce and send before the Circuit Court "a true, full and complete copy of your records, assessments, extensions of assessments, tax books, and all of your proceedings and records officially pertaining to and touching the matter of merchants' statement valuation taxes assessed against Wilson Chevrolet, Inc. for the year 1958, with all of your proceedings and records pertaining to the same, as fully and entirely as they remain of record before you * * *."

We hold that the proceedings increasing relators' merchants-tax valuation for the year 1958 are void. State ex rel. Lane v. Corneli, supra.

We have studied Section 536.-105 which discloses its application to stated decisions (non-contested cases) which are "not subject to administrative review." We also notice that every owner of real property or tangible personal property "and every merchant" and manufacturer shall have the right of appeal from local boards of equalization to the State Tax Commission. Section 138.430, subd. 2, RSMo 1949, V.A.M.S. It seems clear that Section 536.-105 was not intended to be applicable in providing a review (by stated statutory actions, including certiorari) of a decision of a local board of equalization. Upon appeal from a decision of a local board of equalization to the State Tax Commission, however, the hearing is de novo as a contested case with a record necessarily made of the evidence adduced, and of which decision of the State Tax Commission upon such appeal, a judicial review may be had as provided in Section 536.140 RSMo 1949, V.A.M.S. See Koplar v. State Tax Commission, Mo.Sup., 321 S.W.2d 686.

Moreover, it would seem that as to those decisions in non-contested cases and not subject to administrative review, the scope of the review by the stated actions provided in Section 536.105 is not so enlarged as to authorize the hearing of evidence extrinsic to the record of the administrative body to determine and supply a jurisdictional fact—such as, for example, personal notice required by statute—essential to the valid exercise of the tribunal's statutory powers to make a decision, and which jurisdictional fact the law requires shall be shown affirmatively by the record but which fact the record does not show.

The statute speaks of the "decision," and the "review of such decision," and the determination of the question upon the review of the decision, whether such person "at the time of such decision was subject to such legal duty * * * and may hear such evidence on such question as may be properly adduced," and the court may determine whether such decision, in view of the facts as they may appear to the court, is unconstitutional, unlawful, and so forth. This sounds like the hearing of evidence on an issue raised in determining a case on the merits and is not the same as the hearing of evidence extrinsic to the record of the administrative body, and thus to determine and supply a jurisdictional fact which is prerequisite to the inferior tribunal's exercise of its statutory powers to make a decision, and which jurisdictional fact the tribunal's record doesn't show.

The history of this legislation was searched out by this court in State ex rel. Leggett v. Jensen, supra; and in State ex rel. State Tax Commission v. Walsh, supra. In these cases it was noted that Senate Bill 345, introduced in the 64th General Assembly, but failed to pass, was a counterpart of Section 536.105. A comment in the report of the Administrative Law Committee to the Board of Governors of the Missouri Bar set forth the nature and purpose of the original measure (S.B. 345, introduced in the 64th General As-

sembly). The comment remarked of numerous (non-contested) cases where agencies may act without having a hearing or making a record of evidence heard, and it was said that in those cases the remedies of certiorari, mandamus, etc., are frequently inadequate, because of the inability of the court to consider the facts *bearing on the merits of the agency's decision,* no record having been made of evidence for the court to review. "This bill is designed to correct this situation. It provides for the making in court, in a certiorari proceeding, for example, of the same kind of record that would be made before the agency in a case reviewable under Section 22 of Article V of the Constitution. In other words it gives the court power *to hear evidence on the merits of the plaintiff's case* before the agency, so that it can determine in the light of the facts as they appear to the court whether the agency's decision is proper." (Our italics.) State ex rel. Leggett v. Jensen, supra; State ex rel. State Tax Commission v. Walsh, supra; 19 University of Kansas City Law Review, at pages 336–338; 4 Journal of the Missouri Bar, at page 176. But we can see no language in the statute itself and there is apparently no factor in the historical development of the legislation manifesting the intent to empower the court to hear evidence to supply a jurisdictional fact which, it is settled law, the agency's record must affirmatively show.

The order and judgment quashing the writ should be reversed, and the cause should be remanded with directions to quash the record of the 1958 proceedings increasing relators' merchants-tax valuation.

It is so ordered.

PER CURIAM.

The foregoing opinion by VAN OSDOL, Special Commissioner, is adopted as the opinion of the court.

All concur.