**STATE ex rel. Harold M. SANDHAUS, Relator-Appellant,**

v.

**MISSOURI PUBLIC SERVICE COMMISSION, Respondent.**

**No. 25369.**

Kansas City Court of Appeals, Missouri.

Dec. 7, 1970.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1971.

Application to Transfer Denied April 12, 1971.

James F. Miller, Shawnee Mission, Kan., Tweedie Fisher, Jefferson City, for relator-appellant.

Jeremiah D. Finnegan, General Counsel, Dale E. Sporleder, Asst. General Counsel, Jefferson City, for Missouri Public Service Commission.

Herman W. Huber, Jefferson City, for Weaver W. Scherff.

MAUGHMER, Commissioner.

We have an appeal from the Circuit Court judgment of September 8, 1969, which affirmed the Report and Order dated April 16, 1963, of Respondent, the Missouri Public Service Commission. Under that order Weaver W. Scherff was granted a certificate of public convenience and necessity for regular route authority to transport general commodities between Kansas City and Grandview, Missouri, including points between and nearby. The Commission's original order was issued on September 13, 1950. The Relator-Appellant Sandhaus appeals on the ground that the Report and Order of September 13, 1950, which was reaffirmed on April 16, 1963, after a rehearing, is unlawful because the Commission failed to serve notice of the 1950 hearing on John Bates who at the time held authority to serve some of the same points and who later transferred that authority to the Relator, Sandhaus.

The following pertinent facts do not appear to be in dispute:

1. One John Bates in 1932 acquired authority to transport commodities over irregular routes as a common carrier in the disputed area.

2. On March 31, 1950, Weaver W. Scherff filed an application for authority over a regular route which included (among others) the Kansas City-Grandview area, including designated points on the described route. A hearing on this application was held in April, 1950, and on September 13, 1950, the Commission issued its order granting the sought-after additional intrastate regular route authority to Mr. Scherff.

2a. John Bates, holder of irregular route authority over this same area, was not notified of the hearing and did not in person or by representation, participate therein.

3. Apparently nothing further occurred until June 23, 1955, when John Bates, with Commission approval, transferred to Harold M. Sandhaus (Relator-Appellant herein), the following authority:

"Between Kansas City, Missouri and points and places in Missouri, within 15 miles of Grandview, Missouri, on the one hand, and all points in Missouri, on the other hand, subject to the restriction that no service is to be rendered between points on the regular route of authorized regular route common motor carriers."

4. On January 11, 1960, Relator Harold M. Sandhaus filed a petition to reopen the case in which Scherff, under date of September 13, 1950, had been granted additional authority. Sandhaus claimed that as successor to John Bates, he desired to submit evidence on the matter. The Commission denied the petition, denied a motion for rehearing, and on January 22, 1963, the Circuit Court affirmed. An appeal was never perfected.

5. On March 21, 1962, Williams Transfer, Inc., filed its petition to set aside the Report and Order of September 13, 1950, alleging that as successor to the authority of James C. Williams (by transfer under date of February 26, 1953), it desired to present evidence on the issue as to whether or not the authority granted to Scherff should have been granted.

6. On November 28, 1962, the Commission issued its order reopening the Scherff matter and after some postponements the case came on for hearing on January 23, 1963. Relator Harold M. Sandhaus (and others) were duly notified of the proposed rehearing. Notices were not served on either John Bates or James G. Williams, the assignors of Sandhaus and Williams Transfer, Inc.

7. At the hearing or rehearing, held on January 22, 1963, Relator Sandhaus, Williams Transfer, Inc., and five other entities, all represented by counsel, appeared in opposition to the grant of authority to Scherff. Three witnesses testified on behalf of Scherff and were cross-examined

by counsel for six protestants. As listed in the transcript these "Protestants" were: "Harold M. Sandhaus, Williams Transfer, Inc., Apex Fast Freight, Lone Jack Truck Lines, Inc., Monkem Company, Inc., Cecil Stewart."

8. On April 16, 1963, the Commission issued a "Supplemental Report and Order" in which the earlier grant of authority to Scherff was affirmed.

9. Relator filed a petition or motion for reconsideration on May 20, 1963. On May 29, 1963, the Commission denied the motion, and on June 19, 1963, the Circuit Court of Cole County issued its writ of certiorari, which was by the Commission returned on July 18, 1963.

10. The matter remained dormant in the Circuit Court until March 16, 1969, (more than five years later) when the Respondent Public Service Commission, filed its motion to dismiss for failure to prosecute. Thereafter the court on September 8, 1969, affirmed the Commission's order of April 16, 1963, and Relator Sandhaus has appealed.

Relator says that its predecessor John Bates, was entitled to notice of the Scherff hearing which was held in September, 1950. Section 390.060, RSMo, 1949, in effect at that time, provided that notice of such a hearing shall be served at least 10 days in advance upon every common carrier "that is operating or has applied for a certificate of convenience and necessity to operate in the territory proposed to be served by the applicant". It would appear that Mr. John Bates at the time came within this classification.

From the facts, as the same appear in the record before us, we are strongly inclined to agree with the Relator that John Bates was entitled to notice. Insofar as this appeal is concerned we shall assume that he was. State ex rel. Wilson Chevrolet, Inc. v. Wilson, Mo., 332 S.W.2d 867, 872; State ex rel. Crown Coach Co. v. Public Service Commission, Mo.App., 239

Mo.App. 198, 185 S.W.2d 347, 356. It seems to us that the Commission probably reached the same conclusion. In any event a rehearing was ordered and was held. True, the case was not reopened on Relator's motion, but on the motion of Williams Transfer, Inc. However, Relator was duly notified of this hearing and according to the "Appearances" as listed in the transcript index, appeared as one of the protestants and was represented by counsel (the same attorney who represents Relator in this court), who participated in the cross-examination of witnesses.

Appellant argues that his presence and participation in the rehearing of 1963 did not cure the defect (lack of notice) which was inherent in the 1950 hearing because he has not had the opportunity of cross-examining the witnesses who testified *at the 1950 hearing.* One witness, Mr. Weaver W. Scherff, testified at both hearings. It is apparent that relator, at the rehearing, had full opportunity to subpoena and have the testimony of any witnesses whom he wished to call and who were available. There is no showing that the other 1950 witnesses were not available for call in 1963, or that appellant would have been denied cross-examination. It is quite clear that appellant did not subpoena any of the 1950 witnesses for the 1963 rehearing. That the case was completely reopened and counsel so understood, is demonstrated by the following comments of counsel preliminary to the 1963 hearing:

"Mr. Miller:" (Attorney for Relator and other Protestants) "Counsel, as long as we understand that it is reopened I am not going to be technical about that."

"Mr. Downey:" (Attorney for the Commission) "Very well. The case is reopened, no question about that. We are here."

We mention, but without comment, Relator's failure to bring his application for Circuit Court review up for hearing for more than five years. The matter was finally processed as a result of Respondent's

motion to dismiss for want of prosecution. It seems apparent that the Relator at the 1963 rehearing had the opportunity to call any witness, or offer any testimony, or present evidence of any kind touching upon this matter, just as fully as he would be able to do if the Commission's orders were now set aside and the whole proceeding commenced anew. John Bates has transferred his authority and was not in 1963 a concerned party who was entitled to notice.

We believe Appellant's assignment of error is without merit and it is denied. We find no error and the judgment of the Circuit Court affirming the order of the Commission is affirmed.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.